# EXHIBIT 9

Page 1

749 N.Y.S.2d 867 (Mem)
2002 N.Y. Slip Op. 08097
(Cite as: 749 N.Y.S.2d 867)

Supreme Court, Appellate Division,
First Department, New York.

Diane BUHLER, Plaintiff-Respondent,
v.
MICHAEL P. MALONEY CONSULTING, INC.,
Defendant/Third-Party Plaintiff-Appellant,
v.
The Horizon Group, Third-Party Defendant.

Nov. 12, 2002.

Plaintiff-Respondent, Pro Se.

Lawrence C. Drucker, for Defendant/Third-Party Plaintiff-Appellant.

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 5, 2001, which denied defendant's motion for summary judgment on its counterclaims and its third-party claim and to dismiss the complaint, granted plaintiff's cross motion for summary judgment dismissing defendant's counterclaims and granted summary judgment dismissing the claims against third- party defendant, unanimously affirmed, with costs.

The motion court properly concluded that defendant failed to establish a legitimate need for the noncompetition agreement on which its counterclaim for breach of contract is based. Defendant failed to establish that plaintiff's position as an executive recruiter is extraordinary or unique or that plaintiff engaged in unfair competition by utilizing its confidential information (see *Columbia Ribbon & Carbon Mfg. Co., Inc. v. A-1-A Corporation, et al.*, 42 N.Y.2d 496, 499, 398 N.Y.S.2d 1004, 369 N.E.2d 4; *Reed, Roberts Assocs. v. Strauman*, 40 N.Y.2d 303, 308, 386 N.Y.S.2d 677, 353 N.E.2d 590; *Brewster-Allen-Wichert, Inc. v. Kiepler*, 131 A.D.2d 620, 516 N.Y.S.2d 949). Since defendant made no *868 showing that the covenant was necessary to protect its interest, the restrictive covenant is unenforceable (*Columbia Ribbon & Mfg.*, 42 N.Y.2d at 500, 398 N.Y.S.2d 1004, 369 N.E.2d 4; *Investor Access Corp. v. Doremus & Co.*, 186 A.D.2d 401, 403, 588 N.Y.S.2d 842, lv. denied 81 N.Y.2d 706, 597 N.Y.S.2d 936, 613 N.E.2d 968); and the issue of severability of the unenforceable portions of the agreement does not arise (cf. *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 394, 690 N.Y.S.2d 854, 712 N.E.2d 1220).

Despite defendant's conclusory assertions to the contrary, it failed to establish that plaintiff violated the parties' nondisclosure agreement. A contact list prepared by plaintiff based on her knowledge of the financial services industry and on information that was publicly available does not qualify as a trade secret and is not entitled to protection (see *Reed, Roberts Assoc.*, 40 N.Y.2d at 308, 386 N.Y.S.2d 677, 353 N.E.2d 590; *IVI Envtl., Inc. v. McGovern*, 269 A.D.2d 497, 707 N.Y.S.2d 107). There is no evidence that plaintiff ever disseminated or utilized any confidential information belonging to defendant while employed by third-party defendant and plaintiff's placement of defendant's former candidate does not constitute such evidence. It is well settled that an employee's recollection of information pertaining to the needs and habits of particular customers is not actionable (*Investor Access Corp. v. Doremus & Co.*, 186 A.D.2d at 404, 588 N.Y.S.2d 842; *Walter Karl, Inc. v. Wood*, 137 A.D.2d 22, 26-27, 528 N.Y.S.2d 94; *Levine v. Bochner*, 132 A.D.2d 532, 533, 517 N.Y.S.2d 270). Here, it is undisputed that the former candidate was a personal friend of plaintiff's. While the former candidate interviewed with defendant during plaintiff's tenure with defendant, defendant made no attempt to place her and she solicited plaintiff more than a year after plaintiff had been employed by the third-party defendant to seek plaintiff's assistance and plaintiff placed her in a field that was not within defendant's niche.

Since the noncompetition agreement is unenforceable and there was no breach of the confidentiality agreement, summary judgment was properly awarded to the third-party defendant dismissing the third-party claim based on tortious interference with the restrictive covenants.

Sharp issues of fact preclude summary judgment dismissing the complaint (see *Mirchel v. RMJ Secs. Corp.*, 205 A.D.2d 388, 613 N.Y.S.2d 876). The documentary evidence submitted by defendant did not conclusively establish that there was no oral agreement for commission-based compensation between plaintiff and defendant.

BUCKLEY, J.P., SULLIVAN, RUBIN, FRIEDMAN and GONZALEZ, JJ., concur.

749 N.Y.S.2d 867 (Mem), 2002 N.Y. Slip Op. 08097
END OF DOCUMENT