# EXHIBIT 10

269 A.D.2d 497
707 N.Y.S.2d 107, 2000 N.Y. Slip Op. 01939
(Cite as: 269 A.D.2d 497)

Page 1

C

IVI Environmental, Inc., Appellant,
v.
Matthew A. McGovern et al., Respondents.

Supreme Court, Appellate Division, Second Department, New York

(February 22, 2000)

In an action, *inter alia*, to enforce a restrictive covenant contained in an employment agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 3, 1999, which denied its motion for a preliminary injunction.*498

Ordered that the order is affirmed, with costs.

It is well settled that a preliminary injunction will not be granted unless the moving party first establishes that (1) it has a likelihood of ultimate success on the merits, (2) irreparable injury will occur absent a preliminary injunction, and (3) a balancing of the equities favors the movant (*see*, CPLR 6301; *Grant Co. v Srogi*, 52 NY2d 496). A restrictive covenant against a former employee "will be enforced only if reasonably limited temporally and geographically (*[see,]* *Gelder Med. Group v Webber*, 41 NY2d 680, 683 ...), and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists" (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499; *see*, *Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 307-308; *Buffalo Imprints v Scinta*, 144 AD2d 1025; *Family Affair Haircutters v Detling*, 110 AD2d 745, 747-748; *Greenwich Mills Co. v Barrie House Coffee Co.*, 91 AD2d 398, 401-402).

There is no evidence that the defendants used or threatened to use any protected trade lists or confidential customer lists. In fact, the record shows that the names of the plaintiff's past, present, or prospective clients are readily ascertainable from outside sources (*see*, *Reed, Roberts Assocs. v Strauman*, *supra*; *Price Paper & Twine Co. v Miller*, 182 AD2d 748; *Buffalo Imprints v Scinta*, *supra*). The plaintiff's reliance on *BDO Seidman v Hirshberg* (93 NY2d 382) is misplaced. The plaintiff's motion papers fall far short of making the showing required to protect client goodwill within the meaning of that case (*see*, *BDO Seidman v Hirshberg*, *supra*, at 391). Additionally, the plaintiff failed to show that irreparable injury would result absent the granting of preliminary injunctive relief.

Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.

Copr. (c) 2001, Randy A. Daniels, Secretary of State, State of New York.

N.Y.A.D.,2000.

IVI Envtl. v McGovern

END OF DOCUMENT

Copyright © 2001, Randy A. Daniels, Secretary of State, State of New York.