# EXHIBIT 11

269 A.D.2d 332
703 N.Y.S.2d 183, 2000 N.Y. Slip Op. 02044
**(Cite as: 269 A.D.2d 332)**

C

TMP Worldwide Inc., Appellant,
v.
Michael Franzino, Respondent, et al., Defendant.
TMP Worldwide Inc., Appellant,
v.
Michael Franzino et al., Respondents.

Supreme Court, Appellate Division, First
Department, New York

(February 29, 2000)

Order, Supreme Court, New York County (Charles Ramos, J.), entered October 1, 1999, which denied plaintiff's motion for a preliminary injunction, and order, same court and Justice, entered November 16, 1999, which granted defendant Michael Franzino's motion to stay arbitration, unanimously affirmed, with costs.

Plaintiff's motion for a preliminary injunction was properly denied in light of plaintiff's failure to show, by means of competent evidence, a likelihood of success on the merits and irreparable injury should the relief sought be denied (see, *Business Networks v Complete Network Solutions, 265 AD2d 194; Titus & Donnelly v Poto, 205 AD2d 475*). Notwithstanding plaintiff's conclusory assertion that enforcement of the non-competition agreement is both reasonable and necessary to protect its interest, there is no indication that the individual defendant had access to, much less, misappropriated any customer lists, trade secrets, business plans or other confidential information, or that his services at plaintiff company were of a unique or extraordinary nature (see, *BDO Seidman v Hirshberg, 93 NY2d 382, 390; Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 500; Business Networks v Complete Network Solutions, supra*).

Also proper was the grant of the individual defendant's motion to stay arbitration permanently. It is well settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent a clear, explicit and unequivocal agreement to arbitrate (see, *Crimmins Contr. Co. v City of New York, 74 NY2d 166, 171; Matter of Waldron [Goddess], 61 NY2d 181, 183; Marek v Alexander Laufer & Son, 257 AD2d 363, 364*), and the noncompetition agreement which plaintiff seeks to have enforced contains no arbitration clause. As for the stock option agreements, which do include an arbitration provision, they have no connection to the anticompetition agreement, and, in any case, the arbitration provision in the stock option agreements is not enforceable against the individual defendant; never having exercised the subject stock options, the individual defendant is not bound by the terms of the agreement pursuant to which the options were offered (see, *Kaplan v Lippman, 75 NY2d 320, 324-325*).

We have considered plaintiff's remaining arguments and find them unavailing.

Concur--Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.*333

Copr. (c) 2001, Randy A. Daniels, Secretary of State, State of New York.

N.Y.A.D.,2000.

TMP Worldwide v Franzino

END OF DOCUMENT

Copyright © 2001, Randy A. Daniels, Secretary of State, State of New York.