# EXHIBIT 12

2001 WL 1004175 (N.A.S.D.)            Page 1
(Cite as: 2001 WL 1004175 (N.A.S.D.))

National Association of Securities Dealers, Inc.

\*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
MARK HEALEY, HOWARD KAPP, PHILIP ARONOFF, AND ALLISEN MODDER, (CLAIMANTS) v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., (RESPONDENT) and
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., (CLAIMANT) v.
MARK HEALEY, HOWARD KAPP, PHILIP ARONOFF, ALLISEN MODDER, AND SALOMON SMITH BARNEY, INC., (RESPONDENTS)
Docket Number 01-00553 (Consolidated w/01-00617)
Date of Service (For NASD office use only): June 18, 2001

Signature Date: June 1, 2001

Signature Date: June 13, 2001

Signature Date: June 14, 2001

Award

Hearing Site: New York, New York

REPRESENTATION OF PARTIES: Claimants, Mark Healey ("Healey"), Howard Kapp ("Kapp"), Philip Aronoff ("Aronoff"), and Allisen Modder ("Modder"), hereinafter collectively referred to as "Claimants": David Stein, Esq., Luboja & Thau, LLP, New York, NY.

Respondent, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill"): Christopher C. Coss, Esq., Rubin & Associates, P.C., Paoli, PA.

Respondent, Salomon Smith Barney, Inc. ("Salomon"): Louis R. Satriale, Jr., Esq., Kasowitz, Benson, Torres & Friedman LLP, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: February 2, 2001.

Response to Merrill's Statement of Claim filed by Healey, Kapp, Aronoff, and Modder on or about: March 6, 2001.

Healey signed the Uniform Submission Agreement: February 2, 2001.

Kapp signed the Uniform Submission Agreement: February 2, 2001.

Aronoff signed the Uniform Submission Agreement: February 2, 2001.

Modder signed the Uniform Submission Agreement: February 2, 2001.

Memorandum in Opposition to Claimants' Request for Immediate Injunctive Relief filed by Merrill on or about: February 6, 2001.

Statement of Claim filed by Merrill on or about: February 5, 2001.

Merrill did not sign a Uniform Submission Agreement.

Statement of Answer to Merrill's Statement of Claim filed by Salomon on or about: March 8, 2001.

2001 WL 1004175 (N.A.S.D.) Page 2
(Cite as: 2001 WL 1004175 (N.A.S.D.))

Salomon signed the Uniform Submission Agreement: March 8, 2001.

CASE SUMMARY: Claimants asserted the following causes of action: Claimants should be allowed to compete fairly on the merits for the business of the clients that they have developed; the right of the public customer to transfer his/her account from one brokerage firm to another is embodied in the rules of the NASD and NYSE, and Merrill should not be allowed to deprive Claimants' clients of said right; and Merrill has no legitimate business purpose in seeking to prevent Claimants from continuing their business relationships with their clients.

Unless specifically admitted in its Opposition Memorandum, Merrill denied the allegations made in the Statement of Claim and asserted the following defenses: each of the Claimants executed an employment agreement with Merrill wherein they agreed not to solicit any of the clients he/she serviced or whose names became known to him/her while in Merrill's employ for a one year period following the termination of his/her employment; Claimants' claims are legally without merit; Merrill's contract is entirely consistent with New York law; and Claimants have failed to meet their burden of making a "clear showing" of irreparable harm in the event that they are required to continue to comply with their contractual agreements.

*2 <u>Merrill asserted the following causes of action: breach of contract; misappropriation and conversion of trade secrets and business property; breach of fiduciary duty; and unfair competition.</u>

Unless specifically admitted in their Response, Healey, Kapp, Aronoff, and Modder denied the allegations made in Merrill's Statement of Claim and asserted the following defenses: Merrill's claims are both legally and factually insupportable; Claimants do not possess any of Merrill's "trade secrets"; Merrill has commenced its retaliatory arbitration in a vindictive effort to punish departing employees and to discourage its remaining brokers from likewise considering a change of employment; Merrill's claims are inconsistent with its obligations under relevant securities industry rules; and the relief sought by Merrill directly contravenes public policy and applicable securities industry rules, including NASD Rule 11870 and NYSE Rule 412, which mandate that a client's request to transfer his/her account to another securities firm be honored immediately.

Unless specifically admitted in its Answer, Salomon denied the allegations made in Merrill's Statement of Claim and asserted the following defenses: Salomon has acted in a highly professional manner with respect to its recruiting practices; Merrill's Statement of Claim fails to set out any wrongful conduct on the part of Salomon; and none of the Claimants were improperly "lured" away from Merrill, nor was any payment made to induce them to misappropriate proprietary Merrill documents.

RELIEF REQUESTED: Claimants requested:

1. An Immediate Injunctive Order:

a. Directing Merrill to comply with Rule 11870 of the NASD Uniform Practice Code and Rule 412 of the NYSE, which require member firms to expeditiously honor a customer's written request to transfer his/her account to another securities firm;

b. Directing Merrill to refrain from misleading Claimants' clients regarding their rights to have accounts transferred; and

2001 WL 1004175 (N.A.S.D.)                                                                Page 3
(Cite as: 2001 WL 1004175 (N.A.S.D.))

   c. Directing Merrill to refrain-in any manner-from interfering with those clients with whom Claimants had a relationship which preexisted their employment tenure at Merrill, or which relationships they subsequently developed through their own efforts and expense;

   2. That a full arbitration panel be convened to hear this matter on its merits in accordance with Rule 10335(d)(1) of the NASD Code of Arbitration Procedure; and

   3. That the Panel declare any restrictive covenant contract signed by Claimants, for the benefit of Merrill, which interferes with their customer's choice of broker, or account transfer instructions, be declared void and unenforceable, and that the Panel grant such other relief as it deems just and proper.

   In its Opposition Memorandum, Merrill requested that Claimants' request for immediate injunctive relief be denied.

   In its Statement of Claim, Merrill requested:

   1. A Permanent Inunction enjoining Healey, Kapp, Aronoff, and Modder, directly or indirectly, and whether alone or in concert with others, from:

   *3 a. Soliciting any business from any client of Merrill whom Healey, Kapp, Aronoff, and Modder served or whose name became known to them while in the employ of Merrill and, further, from accepting any business or account transfers from any of said clients whom Healey, Kapp, Aronoff, and Modder, or anyone acting on their behalf or in concert with them, has solicited at any time in the past for the purpose of doing business with Healey, Kapp, Aronoff, and Modder's new employer, Salomon (excluding Healey, Kapp, Aronoff, and Modder's family and relatives):

   b. Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill, and that all original records and copies and/or other reproductions thereof, in whatever form, be returned to Merrill immediately; and

   c. Any and all other such acts as this Panel deems appropriate for injunctive relief;

   2. Compensatory damages against Healey, Kapp, Aronoff, Modder, and Salomon; and

   3. Other relief to be specified at the hearing.

   In their Response, Healey, Kapp, Aronoff, and Modder requested that the relief sought by Merrill in its Statement of Claim be denied, and that they be granted the relief sought in their own Statement of Claim.

   In its Answer, Salomon requested that Merrill's Statement of Claim be dismissed and that Salomon be awarded its fees and costs in this proceeding.

   OTHER ISSUES CONSIDERED AND DECIDED: In accordance with Rule 10314(d)(3) of the NASD Code of Arbitration Procedure ("the Code"), arbitration number 01- 00553 (Healey, Kapp, Aronoff, and Modder vs. Merrill) was consolidated with arbitration number 01-00617 (Merrill vs. Healey, kapp, Aronoff, Modder, and Salomon).

   Merrill did not file with NASD Dispute Resolution, Inc. a properly executed submission to arbitration but is required to submit to arbitration pursuant to the Code and, having answered the claim, appeared and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2001 WL 1004175 (N.A.S.D.)                                                                    Page 4
(Cite as: 2001 WL 1004175 (N.A.S.D.))

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are hereby dismissed in their entirety.

2. <u>Merrill's claims are hereby dismissed in their entirety.</u>

3. All other requests for relief are hereby denied.

FEES: Pursuant to the Code, the following fees are assessed:

Filing Fees: NASD Dispute Resolution, Inc. will retain or collect the non-refundable filing fees for each claim:

```
Initial claim filing fee (01-00617) = $   500.00
Initial claim filing fee (01-00553) = $   250.00
Injunctive Relief fee =               $ 2,500.00
```

*4 Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. In this matter, Merrill Lynch, Pierce, Fenner & Smith, Inc. and Salomon Smith Barney, Inc. are parties.

Merrill Lynch, Pierce, Fenner & Smith, Inc.

```
Member surcharge =            $ 1,200.00
Pre-hearing process fee =     $   600.00
Hearing process fee =         $ 2,000.00
```

Salomon Smith Barney, Inc.

```
Member surcharge =            $ 1,200.00
Pre-hearing process fee =     $   600.00
Hearing process fee =         $ 2,000.00
```

Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

```
Two (2) Pre-hearing sessions with                                      = $ 2,000.00
   Panel x $1,000.00
Pre-hearing conferences:          March 12, 2001   1 session
                                  March 13, 2001   1 session
```

2001 WL 1004175 (N.A.S.D.)                                                                      Page 5
(Cite as: 2001 WL 1004175 (N.A.S.D.))

```
Fourteen (14) Hearing sessions x                                            = $14,000.00
  $1,000.00
Hearing Dates:                          March 19, 2001    2 sessions
                                        March 20, 2001    2 sessions
                                        March 30, 2001    2 sessions
                                        April 2, 2001     2 sessions
                                        May 7, 2001       2 sessions
                                        May 8, 2001       2 sessions
                                        May 9, 2001       2 sessions
-----------------------------------------------------------------------------------
Total Forum Fees     = $16,000.00
```

   *5 1. The Panel has assessed all of the forum fees against Salomon.

   Fee Summary: 1. Claimants be and hereby are jointly and severally liable for:

```
Initial Filing Fee    =    $   250.00
Injunctive Relief Fee =    $ 2,500.00
-----------------------------------------
Total Fees            =    $ 2,750.00
Less payments         =    $ 3,750.00
-----------------------------------------
Refund Due Claimants  =    $ 1,000.00
```

   2. Merrill be and hereby is solely liable for:

```
Initial Filing Fee (00-00617) =  $   500.00
Member Fees                   =  $ 3,800.00
-------------------------------------------
Total Fees                    =  $ 4,300.00
Less payments                 =  $ 5,200.00
-------------------------------------------
Refund Due Merrill            =  $   900.00
```

   3. Salomon be and hereby is solely liable for:

```
Member Fees    =                          $ 3,800.00
-----------------------------------------------------
Forum Fees     =                          $16,000.00
Total Fees     =                          $19,800.00
Less payments  =                          $     0.00
-----------------------------------------------------
Balance Due NASD Dispute Resolution, Inc. = $19,800.00
```

   All balances are due and payable to NASD Dispute Resolution, Inc.

   ARBITRATION PANEL: William L. Cravens-Public Arbitrator, Presiding Chair

   Peggy Ann Lane, PhD-Public Arbitrator

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2001 WL 1004175 (N.A.S.D.) Page 6
(Cite as: 2001 WL 1004175 (N.A.S.D.))

Harry D. Frisch, Esq.-Industry Arbitrator

Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

William L. Cravens

Public Arbitrator, Presiding Chair

Peggy Ann Lane, PhD

Public Arbitrator

Harry D. Frisch, Esq.

Industry Arbitrator

2001 WL 1004175 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works