2001 WL 634573 (N.A.S.D.)
**(Cite as: 2001 WL 634573 (N.A.S.D.))**

National Association of Securities Dealers, Inc.

*1 IN THE MATTER OF THE ARBITRATION BETWEEN
NAME OF CLAIMANT, GKN SECURITIES, INC. v.
NAMES OF RESPONDENTS, NEWBRIDGE SECURITIES CORP., HOWARD FRANK WEINMAN, NICK
APOSTOLOS MOUNTOULIAS, JASON L. KERPRICH, RICHARD FURMAN EDWARDS, JR., RICHARD
NELSON PAGAN, RALPH MERHI, SCOTT HOWARD GOLDSTEIN, GUY STEVEN AMICO
Docket Number 00-04132
Signature Date: May 1, 2001

Signature Date: April 30, 2001


Award


REPRESENTATION OF PARTIES: For GKN Securities, Inc. ("GKN"), hereinafter referred to as "Claimant": Edward H. Pomeranz, Esq., Graubard Mollen & Miller, **New York, New York**.

For Respondent Newbridge Securities Corp. ("Newbridge"): Greg Breitbart, Esq., Fort Lauderdale, Florida.

For Respondents Ralph Merhi ("Merhi"), Scott Howard Goldstein ("Goldstein"), and Guy Steven Amico ("Amico"): George F. Meierhofer, Esq., Rosenman & Colin, LLP, **New York, New York**.

For Respondents Richard Nelson Pagan ("Pagan"), Richard Furman Edwards, Jr. ("Edwards"), Jason L. Kerprich ("Kerprich"), Nick Apostolos Mountoulias ("Mountoulias") and Howard Frank Weinman ("Weinman"): George F. Meierhofer, Esq., Rosenman & Colin, LLP, **New York, New York** until his withdrawal from representation on February 21, 2001. Thereafter, Respondents Pagan, Edwards, Kerprich, Mountoulias and Weinman appeared pro se.

CASE INFORMATION: Statement of Claim filed on or about: September 20, 2000.

Claimant signed the Uniform Submission Agreement: September 19, 2000.

Statement of Answer filed by Respondent Weinman, on or about: March 27, 2001.

Respondents Newbridge, Mountoulias, Kerprich, Edwards, Pagan, Merhi, Goldstein and Amico did not file Statements of Answer.

Respondents Newbridge, Weinman, Mountoulias, Kerprich, Edwards, Pagan, Merhi, Goldstein and Amico did not file executed Uniform Submission Agreements.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CASE SUMMARY: Claimant requested an expedited hearing pursuant to Rule 10335(g) of the NASD Code of Arbitration Procedure (the "Code") requesting injunctive relief and alleging the following: Pursuant to the first claim for relief, Respondents breached their fiduciary duties and their duties of loyalty to Claimant; pursuant to the second claim for relief, Respondent Newbridge is liable for the acts of the individual Respondents under the doctrine of respondeat superior; pursuant to the third claim for relief, Respondents competed unfairly with Claimant; pursuant to the fourth claim for relief, Respondents converted Claimant's information; pursuant to the fifth claim for relief, each individual Respondent breached an **employment agreement** with Claimant by utilizing Claimant's information after accepting employment with Respondent Newbridge, by misusing Claimant's information and removing Claimant's information and by soliciting Claimant's customers to transfer accounts to Respondent Newbridge; pursuant to the sixth claim for relief, Respondents actions have caused irreparable harm to Claimant; pursuant to the seventh claim for relief, Respondents have tortiously interfered with the contractual relationships between Claimant and its customers; pursuant to the eighth claim for relief, Respondents have tortiously interfered with Claimant's customers and employee relations; pursuant to the ninth claim for relief, Respondents Amico and Goldstein breached their employment contract with Claimant by failing to repay certain commissions which they had received from Claimant; pursuant to the tenth claim for relief, Respondents Weinman and Pagan breached their employment contract with Claimant by failing to repay certain commissions which they had received from Claimant; pursuant to the eleventh claim for relief, Respondents Weinman, Merhi, Pagan and Kerprich failed to repay certain advances given to them by Claimant; pursuant to the twelfth claim for relief, Respondents Mountoulias, Kerprich and Edwards failed to repay certain advances given to them by Claimant; and pursuant to the thirteenth claim for relief, Respondents Weinman, Merhi and Pagan failed to repay certain debit balances in customer accounts.

*2 Unless specifically admitted in his Answer, Respondent Weinman denied the allegations made in the Statement of Claim and asserted the following: Claimant breached its employment contract with Respondent Weinman.

RELIEF REQUESTED: Claimant requested relief against Respondent Weinman of: 1) compensatory damages of $2,865.40 with interest at a rate of 12% per annum from August 22, 2000; 2) compensatory damages of $1,000.00 with interest at a rate of 9% per annum from August 22, 2000; and 3) compensatory damages of $9,170.24 with interest at a rate of 9% per annum from August 22, 2000.

Claimant requested compensatory damages against Respondent Mountoulias of $20,000.00 with interest at a rate of 9% per annum from August 22, 2000.

Claimant requested relief against Respondent Kerprich of: 1) compensatory damages of $631.79 with interest at a rate of 9% per annum from August 22, 2000; and 2) compensatory damages of $20,000.00 with interest at a rate of 9% per annum from August 22, 2000.

Claimant requested compensatory damages against Respondent Edwards of $24,000.00 with interest at a rate of 9% per annum from August 22, 2000.

Claimant requested relief against Respondent Pagan of: 1) compensatory damages of $893.70 with interest at a rate of 12% per annum from August 22, 2000; 2) compensatory damages of $1,000.00 with interest at a rate of 9% per annum from August 22, 2000; and 3) compensatory damages of $2,560.36

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

with interest at a rate of 9% per annum from August 22, 2000.

Claimant requested relief against Respondent Merhi of: 1) compensatory damages of $1,100.00 with interest at a rate of 9% per annum from August 8, 2000; and 2) compensatory damages of $3,310.83 with interest at a rate of 9% per annum from August 8, 2000.

Claimant requested compensatory damages against Respondents Amico and Goldstein of $121,844.84 with interest at a rate of 9% per annum from August 21, 2000.

Claimant further requested that the Arbitration Panel permanently enjoin Respondents from unfair competition and/or solicitation and such other relief as the Arbitration Panel deemed just, proper and equitable.

Respondent Weinman requested that this action be dismissed in its entirety.

OTHER ISSUES CONSIDERED AND DECIDED: On October 26, 2000, Claimant notified NASD Dispute Resolution, Inc. that the Supreme Court of the State of **New York** had entered a Stipulation and Order enjoining Respondents Amico, Goldstein, Merhi, Pagan, Edwards, Kerprich and Weinman from: 1) directly or indirectly soliciting or inducing anyone who was a customer of Claimant at any time any of the named Respondents were employees of Claimant, or whose names became known to the named Respondents during such period, to transfer such customers accounts to Respondent Newbridge, or otherwise to open an account with Respondent Newbridge or any other competitor of Claimant; 2) directly or indirectly recruiting, soliciting or inducing anyone who was an employee of Claimant, during the period that the named Respondents were also employees of Claimant, to terminate such employment relationship with Claimant; 3) using in any manner whatsoever Claimant's confidential and proprietary information (including, without limitation, Claimant's account books, account statements, customers' names, customer lists, customer leads, customer telephone numbers or any other information of Claimant in the possession, custody or control of the named Respondents) regarding Claimant's customers or other matters involving Claimant; and 4) sending or causing to be sent, or accepting or causing to be accepted or acted upon, any form of communication relating to the transfer of accounts (other than the accounts of the named Respondents' immediate family) from Claimant to the Respondents or to any other brokerage firm with which the named Respondents may become affiliated. The term of the Stipulation and Order was pending final resolution of all disputes between the parties.

*3 On February 22, 2001, Claimant notified NASD Dispute Resolution, Inc. that Claimant had settled with Respondents Newbridge, Amico, Goldstein and Merhi.

Respondents Pagan, Mountoulias, Kerprich and Edwards did not attend the evidentiary hearing in this matter. Upon review of the file and the representations made on behalf of the Claimant, the undersigned arbitrators (the "Panel") determined that Respondents Pagan, Mountoulias, Kerprich and Edwards have been properly served with the Statement of Claim and received due notice of the hearing, and that arbitration of the matter would proceed without said Respondents present, in accordance with the Code.

Respondent Weinman did not file with NASD Dispute Resolution, Inc. a properly executed submission to arbitration but is required to submit to arbitration pursuant to the Code and, having answered the claim, appeared and testified at the hearing, is bound by the determination of the Panel on all issues

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

submitted.

Respondents Pagan, Mountoulias, Kerprich and Edwards did not file with NASD Dispute Resolution, Inc. properly executed submissions to arbitration but are required to submit to arbitration pursuant to the Code and are bound by the determination of the Panel on all issues submitted.

The parties present at the evidentiary hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Respondent Weinman is liable for and shall pay to Claimant the sum of $2,815.40 as compensatory damages plus interest at the rate of 12% per annum from August 22, 2000 until the date of payment of the Award. Damages are awarded based upon breach of contract as set forth in the tenth claim for relief in the Statement of Claim.

Respondent Pagan is liable and shall pay to Claimant the sum of $893.70 as compensatory damages plus interest at the rate of 12% per annum from August 22, 2000 until the date of payment of the Award. Damages are awarded based upon breach of contract as set forth in the tenth claim for relief in the Statement of Claim.

Respondent Weinman is liable and shall pay to Claimant the sum of $1,000.00 as compensatory damages plus interest at the rate of 12% per annum from August 22, 2000 until the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth in the eleventh claim for relief in the Statement of Claim.

Respondent Pagan is liable and shall pay to Claimant the sum of $1,000.00 as compensatory damages plus interest at the rate of 12% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth in the eleventh claim for relief in the Statement of Claim.

*4 Respondent Kerprich is liable and shall pay to Claimant the sum of $631.79 as compensatory damages plus interest at the rate of 12% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth in the eleventh claim for relief in the Statement of Claim.

Respondent Mountoulias is liable and shall pay to Claimant the sum of $20,000.00 as compensatory damages plus interest at the rate of 9% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth in the twelfth claim for relief in the Statement of Claim.

Respondent Kerprich is liable and shall pay to Claimant the sum of $20,000.00 as compensatory damages plus interest at the rate of 9% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth

in the twelfth claim for relief in the Statement of Claim.

Respondent Edwards is liable and shall pay to Claimant the sum of $24,000.00 as compensatory damages plus interest at the rate of 9% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based upon breach of contract for failure to repay an advance as set forth in the twelfth claim for relief in the Statement of Claim.

Respondent Pagan is liable and shall pay to Claimant the sum of $2,560.36 as compensatory damages plus interest at a rate of 9% per annum from August 22, 2000 to the date of payment of the Award. Damages are awarded based on breach of contract for failure to repay debit balances in customer accounts as set forth in the thirteenth claim for relief in the Statement of Claim.

All other requests for relief not specifically addressed herein are denied.

FEES: Pursuant to the Code, the following fees are assessed:

Filing Fees: NASD Dispute Resolution, Inc. will retain or collect the non- refundable filing fees for each claim:

Initial claim filing fee = $1,000.00

Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. In this matter, the member firms are parties.

Member surcharge =      $1,500.00
Pre-hearing process fee = $  600.00
Hearing process fee =     $2,500.00

Adjournment Fees: No adjournments were requested during these proceedings.

Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with Panel x  = $2,250.00
  $1,125.00
Pre-hearing conferences:              December 20,    1 session
                        2000
                        February 22,    1 session
                        2001

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

One (1) Hearing session x $1,125.00                    = $1,125.00
                                        -----------
Hearing Date:              March 20, 2001    1 session

Total Forum Fees                    = $3,375.00


*5 The Panel has assessed the total forum fees of $3,375.00 jointly and severally to Respondents Pagan, Edwards, Kerprich and Mountoulias.

Administrative Costs: Administrative costs are expenses incurred due to a request by a party for special services including, but not limited to, additional copies of arbitrator awards beyond those provided without charge, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred during these proceedings.

Fee Summary: Claimant be and hereby is solely liable for:


Initial Filing Fee =              $1,000.00
Member Fees =                  $4,600.00
Expedited Injunctive Relief Fee =      $2,500.00
Total Fees =                  $8,100.00
Less payments =                  $8,100.00
--------------------------------------------- ---------
Balance Due NASD Dispute Resolution, Inc. = $   0.00


Respondent Newbridge be and hereby is solely liable for:


Member Fees =                  $4,600.00
Total Fees =                  $4,600.00
Less payments =                  $   0.00
------------------------------------------- ---------
Balance Due NASD Dispute Resolution, Inc. = $4,600.00


Respondents Pagan, Edwards, Kerprich and Mountoulias be and hereby are jointly and severally liable for:


Forum Fees =                  $3,375.00
Total Fees =                  $3,375.00
Less payments =                  $   0.00

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

------------------------------------------- ---------
Balance Due NASD Dispute Resolution, Inc. = $3,375.00

   All balances are payable to NASD Dispute Resolution, Inc. and are due immediately upon receipt of the Award by the parties.

  Concurring Arbitrators' Signatures

Craig Edward Stein, Esq.

Public Arbitrator, Presiding Chair

Lewis J. Levey, Esq.

Public Arbitrator

Steven M. Greenbaum, Esq.

Industry Arbitrator

2001 WL 634573 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works