# Exhibit 14

2001 WL 393777 (N.A.S.D.)
(Cite as: 2001 WL 393777 (N.A.S.D.))

Page 1

National Association of Securities Dealers, Inc.

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
THE GOLDEN, LENDER FINANCIAL GROUP, INC., (CLAIMANT) v.
LOUIS STEVEN MAJANO, JR., AND DALTON KENT SECURITIES GROUP, INC., (RESPONDENTS)
Docket Number 98-02750
Signature Date: February 21, 2001

Signature Date: February ??

Signature Date: February 20, 2001

Final Order

Hearing Site: New York, New York

REPRESENTATION OF PARTIES: Claimant, The Golden, Lender Financial Group, Inc., hereinafter referred to as "Claimant": Foster J. Gibbons, Esq., General Counsel, The Golden, Lender Financial Group, Inc., New York, NY.

Respondents, Louis S. Majano ("Majano") and Dalton Kent Securities Group, Inc. ("Dalton"), hereinafter collectively referred to as "Respondents": Marc J. Ross, Esq., Sichenzia, Ross & Friedman LLP, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: July 28, 1998.

Claimant signed the Uniform Submission Agreement: July 28, 1998.

Statement of Answer filed by Respondents on or about: October 19, 1998.

Majano did not sign the Uniform Submission Agreement.

Dalton did not sign the Uniform Submission Agreement.

CASE SUMMARY: Claimant asserted the following causes of action: breach of non-compete/non-solicitation agreement; misappropriation of proprietary information; tortious interference with contract; defamation; and tortious interference with Claimant's business reputation and relationships.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted the following defenses: the Statement of Claim fails to set forth a valid cause of action against Respondents; Respondents did not breach or tortiously interfere with any agreements; and Majano was effectively forced to leave the employ of Claimant.

RELIEF REQUESTED: Claimant requested compensatory damages in the amount of $150,000.00, and punitive damages in the amount of $850,000.00.

Respondents requested that the Statement of Claim be dismissed, and that they be awarded their costs and attorneys' fees.

OTHER ISSUES CONSIDERED AND DECIDED: Majano and Dalton did not file with NASD Dispute Resolution, Inc. properly executed submissions to arbitration but are required to submit to arbitration pursuant to the NASD Code of Arbitration Procedure and, having answered the claim, are bound by the determination of the

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Panel on all issues submitted.

  The parties have agreed that the Final Order in this matter may be executed in counterpart copies or that a handwritten, signed Final Order may be entered.

  DECISION: After considering the pleadings, and Claimant's failure to appear at the pre-hearing conference and to pursue this matter, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

  1. Due to Claimant's failure to appear and to pursue this matter, <u>Claimant's claims are hereby dismissed in their entirety.</u>

  *2 2. All other requests for relief are hereby denied.

  FEES: Pursuant to the Code, the following fees are assessed:

  Filing Fees: NASD Dispute Resolution, Inc. will retain or collect the non-refundable filing fees for each claim:

  Initial claim filing fee = $ 500.00

  Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute. In this matter, The Golden, Lender Financial Group, Inc. and Dalton Kent Securities Group, Inc. are parties.

The Golden, Lender Financial Group, Inc.


Member surcharge =          $2,000.00
Pre-hearing process fee =   $  600.00


  Dalton Kent Securities Group, Inc.


Member surcharge =          $2,000.00
Pre-hearing process fee =   $  600.00


  Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:


One (1) Pre-hearing session with Panel x                    = $1,000.00
  $1,000.00
Pre-hearing conference:              July     1 session
                                     14,
                                     2000
-----------------------------------------------------------------------------
Total Forum Fees                                            = $1,000.00


  The Panel has assessed all of the forum fees against Claimant.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2001 WL 393777 (N.A.S.D.)                                              Page 3
(Cite as: 2001 WL 393777 (N.A.S.D.))

    Fee Summary: 1. Claimant be and hereby is solely liable for:

```
Initial Filing Fee =                  $  500.00
Member Fees =                         $2,600.00
Forum Fees =                          $1,000.00
-----------------------------------------------
Total Fees =                          $4,100.00
Less payments =                       $3,500.00
-----------------------------------------------
Balance Due NASD Dispute Resolution, Inc. = $  600.00
```

    *3 2. Dalton be and hereby is solely liable for:

```
Member Fees =                         $2,600.00
-----------------------------------------------
Total Fees =                          $2,600.00
Less payments =                       $2,600.00
-----------------------------------------------
Balance Due NASD Dispute Resolution, Inc. = $   0.00
```

    All balances are due and payable to NASD Dispute Resolution, Inc.

    Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Jeanne C. Miller, Esq.

Public Arbitrator, Presiding Chair


Dawn M. Cardi, Esq.

Public Arbitrator


Dean E. Kois

Industry Arbitrator

2001 WL 393777 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works