# EXHIBIT 15

2001 WL 1250357 (N.A.S.D.) Page 1
(Cite as: 2001 WL 1250357 (N.A.S.D.))

National Association of Securities Dealers, Inc.

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
MICHAEL KAVANAGH, (CLAIMANT) v.
MONTROSE CAPITAL MANAGEMENT, LTD., DAVID JACARUSO, JOSEPH SCOTTI, AND ROBERT WINSTON, (RESPONDENTS)
Docket Number 00-05194
Date of Service (For NASD office use only): August 28, 2001

Signature Date: August 27, 2001

Award

Hearing Site: New York, New York

REPRESENTATION OF PARTIES: Claimant, Michael Kavanagh, hereinafter referred to as "Claimant": Jonathan C. Thau, Esq., Luboja & Thau, LLP, New York, NY.

Respondents, Montrose Capital Management, Ltd. ("Montrose"), David Jacaruso ("Jacaruso"), and Joseph Scotti ("Scotti"): Stuart A. Jackson, Esq., Re, Parser & Partners, New York, NY.

Respondent, Robert Winston ("Winston"): Robert M. Vella, Esq., Pillari & Vella, Mineola, NY. Previously represented by: Stuart A. Jackson, Esq., Re, Parser & Partners, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: November 22, 2000.

Response to Counterclaim and Supplemental Statement of Claim filed by Claimant on or about: February 23, 2001.

Claimant signed the Uniform Submission Agreement: November 27, 2000.

Statement of Answer filed by Respondents on or about: December 7, 2000.

Amended Statement of Answer filed by Respondents on or about: February 2, 2001.

Counterclaim filed by Montrose on or about: February 2, 2001.

Montrose signed the Uniform Submission Agreement: March 21, 2001.

Jacaruso signed the Uniform Submission Agreement: March 21, 2001.

Scotti signed the Uniform Submission Agreement: March 21, 2001.

Winston signed the Uniform Submission Agreement: April 12, 2001.

CASE SUMMARY: Claimant asserted the following causes of action: refusal to return Claimant's IRA retirement assets which Claimant lent to Montrose; breach of contract; and failure to pay Claimant commissions owed to him.

Unless specifically admitted in their Answer and Amended Answer, Respondents denied the allegations made in the Statement of Claim and asserted the following defenses: the Statement of Claim fails to state claims upon which relief may be granted; Claimant is not entitled to injunctive relief because he failed to make and cannot make a clear showing, as required by the NASD Code of Arbitration

2001 WL 1250357 (N.A.S.D.)                                                              Page 2
(Cite as: 2001 WL 1250357 (N.A.S.D.))

Procedure, that he is likely to succeed on the merits, that he will suffer injury unless the relief is granted, and that the balancing of the equities lies in his favor; and Claimant may not recover attorneys' fees in this proceeding as such recovery would be unsupported by the facts and not permitted under applicable law.

In its Counterclaim, Montrose asserted the following cause of action: breach of the non-compete clause in Claimant's employment agreement by inducing three Montrose employees to leave Montrose's employ.

Unless specifically admitted in his Response, Claimant denied the allegations made in the Counterclaim and asserted the following defenses: Montrose is in no position to claim any contract breach by Claimant, having already breached its own obligations to Claimant; there is no basis for Montrose's claim that Claimant violated any contractual rights that it may have; and the three employees in question all left Montrose for their own reasons, and were not wrongfully induced by Claimant to leave Montrose's employ.

*2 RELIEF REQUESTED: In his Statement of Claim, Claimant requested an Order:

1. Directing Respondents to immediately return to him the securities from his IRA account, and/or the sales proceeds if Montrose has sold some or all of these securities;

2. Directing Respondents to indemnify Claimant for taxes, interest, fees, and/or penalties, if any, incurred by reason of his IRA loan to Montrose;

3. Directing Respondents to immediately return to Claimant the $100,000.00 he lent to Montrose from his mother's funds, plus statutory interest from the date it was lent;

4. Awarding Claimant unpaid commissions and fees, together with statutory interest;

5. Directing Respondents to indemnify Claimant, as they had agreed to do, for any taxes, interest, fees, and/or penalties incurred by him in connection with the settlement of his dispute with his prior broker/dealer;

6. Directing Respondents to reimburse him for any taxes, interest, fees, and/or penalties incurred by him in connection with the $50,000.00 loan he took from his 401(k);

7. Enjoining Respondents from maligning or disparaging the professional reputation of Claimant; and

8. Awarding such other and further relief as the Panel deems appropriate, including awarding Claimant reimbursement for the legal fees and expenses incurred by him in this matter.

In his Supplemental Statement of Claim, Claimant requested an Award of punitive damages against Respondents, jointly and severally, in whatever amount the Panel deems appropriate.

Respondents requested that the Statement of Claim be dismissed in its entirety, and that they be awarded the costs and attorneys' fees incurred in defending this meritless action.

In its Counterclaim, Montrose requested compensatory damages in the approximate

2001 WL 1250357 (N.A.S.D.)                                                                      Page 3
(Cite as: 2001 WL 1250357 (N.A.S.D.))

amount of $140,000.00, plus an as yet undetermined sum representing additional damages suffered by Montrose as the result of the loss of employees due to Claimant's wrongful conduct, an injunction restraining Claimant from attempting to induce any further employees from leaving Montrose's employ, and the costs and attorneys' fees incurred by Montrose in this matter.

OTHER ISSUES CONSIDERED AND DECIDED: Respondent Winston did not attend the hearings in this matter, although he was represented by his counsel, Robert M. Vella, Esq.

During the hearings in this matter, Montrose verbally withdrew its Counterclaim against Claimant.

Respondents made a motion to dismiss at the close of Claimant's case. The Panel denied said motion.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

PANEL'S REPORT: The Panel has determined that Claimant had reason to believe that he was making a $500,000.00 loan to Montrose, which was to be repaid by Montrose within the time prescribed for an IRA rollover.

The Panel has also determined that the failure to deduct repayment of Claimant's 401(k) loan was Montrose's, by virtue of its incorrect bookkeeping.

*3 AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Montrose be and hereby is solely liable for and shall pay to Claimant the sum of $502,320.24 as compensatory damages.

2. Claimant's request for punitive damages is hereby denied.

3. <u>Claimant's claims against Jacaruso, Scotti, and Winston are hereby dismissed.</u>

4. Respondents Jacaruso and Scotti, and their counsel Stuart A. Jackson, Esq. ("Jackson"), be and hereby are each liable for and shall pay to Claimant sanctions in the amount of $5,000.00 each. The Panel awarded sanctions based upon its determination that Jacaruso, Scotti, and Jackson made representations regarding the financial viability of Montrose which the Panel finds were intentionally false.

5. All other requests for relief are hereby denied.

FEES: Pursuant to the Code, the following fees are assessed:

Filing Fees: NASD Dispute Resolution, Inc. will retain or collect the non-refundable filing fees for each claim:

```
Initial claim filing fee  =  $    225.00
Injunctive Relief Fee     =  $  2,500.00
Counterclaim filing fee   =  $  1,000.00
```

Member Fees: Member fees are assessed to each member firm that is a party in

2001 WL 1250357 (N.A.S.D.)                                                                      Page 4
(Cite as: 2001 WL 1250357 (N.A.S.D.))

these proceedings or to the member firm that employed the associated persons at the time of the events giving rise to the dispute. In this matter, Montrose Capital Management, Ltd. is a party.

```
Member surcharge =            $ 1,500.00
Pre-hearing Processing Fee =  $   600.00
Hearing Processing Fee =      $ 2,500.00
```

Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

```
Eight (8) Pre-hearing sessions                                          = $ 3,600.00
   with a single arbitrator x
   $450.00
Pre-hearing conferences:      November 29, 2000    1 session
                              December 11, 2000    2 sessions
                              December 12, 2000    2 sessions
                              January 2, 2001      1 session
                              February 5, 2001     1 session
                              March 14, 2001       1 session

Fifteen (15) Hearing session x                                          =$11,250.00
   $750.00
Hearing Dates:                March 15, 2001       2 sessions
                              March 16, 2001       2 sessions
                              March 21, 2001       1 session
                              April 9, 2001        2 sessions
                              April 26, 2001       1 session
                              April 27, 2001       2 sessions
                              May 10, 2001         2 sessions
                              June 11, 2001        1 session
                              July 24, 2001        2 sessions
-----------------------------------------------------------------------------------
Total Forum Fees                                                        = $14,850.00
```

*4 1. The Panel has assessed $7,425.00 of the forum fees against Claimant.

2. The Panel has assessed $7,425.00 of the forum fees jointly and severally against Respondents.

3. The Panel has assessed an additional $2,812.50 forum fee against Respondent Montrose Capital based upon the fee schedule associated with their Counterclaim.

Administrative Costs: Administrative costs are expenses incurred due to a request by a party for special services including, but not limited to, additional copies of arbitrator awards beyond those provided without charge, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

1. Claimant, requested tapes, $75.00.

2. Montrose, requested tapes, $75.00.

2001 WL 1250357 (N.A.S.D.)                                              Page 5
(Cite as: 2001 WL 1250357 (N.A.S.D.))

Potponement Fee

Fee Summary: 1. Claimant be and hereby is solely liable for:

```
Initial Filing Fee =                              $    225.00
Injunctive Relief Fee =                           $  2,500.00
Forum Fees =                                      $  7,425.00
Administrative Costs =                            $     75.00
------------------------------------------------------------
Total Fees =                                      $ 10,225.00
Less payments =                                   $  3,750.00
------------------------------------------------------------
Balance, Due NASD Dispute Resolution, Inc. =      $  6,475.00
```

2. Montrose be and hereby is solely liable for:

```
Counterclaim Filing Fee =                         $  1,000.00
Member Fees =                                     $  4,600.00
Forum Fee =                                       $  2,812.50
Administrative Costs =                            $     75.00
Total Fees =                                      $  7,987.50
Less payments =                                   $      0.00
------------------------------------------------------------
Balance Due NASD Dispute Resolution, Inc. =       $  8,487.50
```

3. Respondents be and hereby are jointly and severally liable for:

```
Forum Fees =                                      $  7,425.00
------------------------------------------------------------
Total Fees =                                      $  7,425.00
Less payments =                                   $      0.00
------------------------------------------------------------
Balance Due NASD Dispute Resolution, Inc. =       $  7,425.00
```

*5 ??Missing Page??

ARBITRATION PANEL: Eva H. Posman, Esq.-Industry Arbitrator, Presiding Chair

Frank Irizarry, Esq.-Industry Arbitrator

Donald J. Rasweiler-Industry Arbitrator

Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Eva H. Posman, Esq.

Industry Arbitrator, Presiding Chair

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2001 WL 1250357 (N.A.S.D.) Page 6
(Cite as: 2001 WL 1250357 (N.A.S.D.))

Frank Irizarry, Esq.

Industry Arbitrator

2001 WL 1250357 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works