# EXHIBIT 16

2000 WL 1919923 (N.A.S.D.)                                               Page 1
(Cite as: 2000 WL 1919923 (N.A.S.D.))

National Association of Securities Dealers

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
MARCOS LABANDEIRA, (CLAIMANT) v.
GFI SECURITIES, INC., (RESPONDENT)
Docket Number 99-02048
Date of Service (For NASD office use only): December 1, 2000

Signature Date: November 30, 2000


Signature Date: November 21, 2000


Award

Hearing Site: New York, New York

REPRESENTATION OF PARTIES: Claimant Marcos Labandeira, hereinafter referred to as "Claimant": Stephen E. Tisman, Esq., Shiff & Tisman, New York, NY.

Respondent GFI Securities, Inc., hereinafter referred to as "Respondent": Lauri F. Rasnick, Esq., Epstein Becker & Green, P.C., New York, NY. Previously represented by: Chaim A. Levin, Esq., Parker Chapin Flattau & Klimpl, LLP, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: April 30, 1999.

Reply to Counterclaim filed by Claimant on or about: August 2, 1999.

Reply to Amended Counterclaim filed by Claimant on or about: March 23, 2000.

Claimant signed the Uniform Submission Agreement: April 30, 1999.

Statement of Answer and Counterclaim filed by Respondent on or about: July 16, 1999.

Amended Counterclaim filed by Respondent on or about: March 9, 2000.

Respondent signed the Uniform Submission Agreement: June 2, 1999.

CASE SUMMARY: Claimant asserted the following causes of action: breach of Employment Agreement; unpaid salary, bonus, and benefit compensation; and termination without cause.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted the following defenses: Respondent was not required to pay Claimant a bonus, any bonus paid to Claimant was completely discretionary; Claimant failed to mitigate his damages by attempting to find new employment; Respondent had no choice but to terminate Claimant for cause, because Claimant had clearly engaged in conduct injurious to the company and the company's reputation; and it is Claimant's own actions that have caused him harm.

In its Counterclaim and Amended Counterclaim, Respondent asserted the following causes of action: Claimant made false representations regarding his experience and expertise and the clients he would be able to bring in; tortious interference with prospective business advantage; breach of contract; misappropriation of

2000 WL 1919923 (N.A.S.D.)                                                                Page 2
(Cite as: 2000 WL 1919923 (N.A.S.D.))

confidential information; breach of fiduciary duty; conversion; unclean hands and estoppel; fraudulent inducement; and filing of an improper court case.

Unless specifically admitted in his Replies, Claimant denied the allegations made in the Counterclaim and Amended Counterclaim and asserted the following defenses: Claimant's contract was not contingent on performance; Claimant made no promises or representations to Respondent regarding the amount of business he would bring in; Claimant acted wholly within his rights in bringing his court action; Claimant did not knowingly and willfully misappropriate any confidential information; Claimant did not disclose his handwritten notes to anyone; and Respondent was not damaged by the removal of said handwritten notes.

*2 RELIEF REQUESTED: Claimant requested damages as follows:

(1) For $250,000.00, constituting Claimant's base salary for the remaining term of the Employment Agreement;

(2) For the Additional Bonus in an amount to be determined at the hearing, but in no event less than $200,000.00;

(3) For the full value of the employee benefit plan and insurance programs to which Claimant would have been entitled had the Employment Agreement not been wrongfully terminated, in an amount to be determined at the hearing, but in no event less than $10,000.00;

(4) For incidental and consequential damages, in an amount to be determined at the hearing, but in no event less than $500,000.00;

(5) For interest at the appropriate rate;

(6) For costs and disbursements;

(7) For reasonable attorneys' fees; and

(8) For such other relief that the Panel deems just and proper.

In its Answer and Counterclaim, Respondent requested that the Panel dismiss Claimant's claims in their entirety and grant Respondent's claims for damages, in the amount to be determined by the Panel, but not less than $125,000.00 sustained as a result of Claimant's fraudulent inducement to contract, Respondent's loss of customer goodwill, Respondent's expenditures in favor of Claimant, and Respondent's unnecessary legal fees incurred as a result of Claimant's court action. Respondent also requested that the Panel award it punitive or exemplary damages in the amount of $450,000.00, plus its counsel fees, costs, disbursements, and such other relief as the Panel deems just and proper.

In its Amended Counterclaim, Respondent requested additional damages in an amount no less than $500,000.00 based on Claimant's breach of contract, misappropriation of confidential and proprietary information, breach of fiduciary duty, tortious interference with prospective business opportunities, and conversion. Respondent also amended its punitive damage request to $1,500,000.00.

In his Replies, Claimant requested that Respondent's Counterclaim and Amended Counterclaim be dismissed in their entirety, and that Claimant be awarded the full extent of the damages set forth in his Statement of Claim.

OTHER ISSUES CONSIDERED AND DECIDED: During the hearings in this matter,

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 1919923 (N.A.S.D.)                                                    Page 3
(Cite as: 2000 WL 1919923 (N.A.S.D.))

Respondent made a motion requesting permission to question Claimant and pierce attorney-client privilege, since Claimant had made reference to conversations with counsel during direct testimony. Both parties submitted briefs on the issue. The Panel decided not to permit questioning that would break attorney-client privilege. In addition, the Panel determined that it would not honor a subpoena requesting that Claimant's counsel appear as a witness for Respondent.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

*3 1. Respondent be and hereby is liable for and shall pay to Claimant the sum of $186,010.50 as compensatory damages.

2. Respondent be and hereby is liable for and shall pay to Claimant the sum of $13,897.28 representing interest for the period of March 19, 1999 through November 1, 2000.

3. Respondent be and hereby is liable for and shall pay to Claimant the sum of $8,000.00 as costs.

4. Respondent be and hereby is liable for and shall pay to Claimant the sum of $375.00, to reimburse Claimant for the filing fee previously paid to NASD Dispute Resolution, Inc.

5. Respondent's Counterclaims are hereby dismissed in their entirety.

6. All other requests for relief are hereby denied.

FEES: Pursuant to the Code, the following fees are assessed:

Filing Fees: NASD Dispute Resolution, Inc. will retain or collect the non-refundable filing fees for each claim:

```
Initial claim filing fee   =   $   375.00
Counterclaim filing fee    =   $ 2,000.00
```

Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. In this matter, GFI Securities, Inc. is a party.

```
Member surcharge           =   $ 2,000.00
Pre-hearing process fee    =   $B5 600.00
Hearing process fee        =   $ 3,500.00
```

Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

2000 WL 1919923 (N.A.S.D.)     Page 4
(Cite as: 2000 WL 1919923 (N.A.S.D.))

```
One (1) Pre-hearing session with a                                           = $B5
   single arbitrator x $450.00                                                450.00
Pre-hearing conference:        April 27, 2000      1 session

One (1) Pre-hearing session with Panel                                       = $ 1,2-
   x $1,200.00                                                                  00.00
Pre-hearing conference:        February 29, 2000   1 session

Nineteen (19) Hearing sessions x                                             = $22,8-
   $1,200.00                                                                    00.00
Hearing Dates:                 May 22, 2000        2 sessions
                               May 23, 2000        2 sessions
                               May 25, 2000        2 sessions
                               May 26, 2000        2 sessions
                               October 12, 2000    2 sessions
                               October 16, 2000    2 sessions
                               October 17, 2000    2 sessions
                               October 18, 2000    1 session
                               October 19, 2000    2 sessions
                               October 20, 2000    2 sessions
-----------------------------------------------------------------------------
Total Forum Fees =                                                           $24,450-
                                                                                .00
```

*4 The Panel has assessed all of the forum fees against Respondent.

Fee Summary: 1. Claimant be and hereby is solely liable for:

```
Initial Filing Fee =   $   375.00
----------------------------------
Total Fees =           $   375.00
Less payments =        $ 1,575.00
----------------------------------
Refund Due Claimant =  $ 1,200.00
```

As stated in the "Award" section above, Respondent is liable for and shall reimburse Claimant for the $375.00 filing fee.

2. Respondent be and hereby is solely liable for:

```
Counterclaim Filing Fee =                $ 2,000.00
Member Fees =                            $ 6,100.00
Forum Fees =                             $24,450.00
---------------------------------------------------
Total Fees =                             $32,550.00
Less payments =                          $ 2,600.00
---------------------------------------------------
Balance Due NASD Dispute Resolution, Inc. = $29,950.00
```

All balances are due and payable to NASD Dispute Resolution, Inc.

2000 WL 1919923 (N.A.S.D.) Page 5
(Cite as: 2000 WL 1919923 (N.A.S.D.))

Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Ellen S. Hexter

Industry Arbitrator, Presiding Chair

Daniel B. Berkson, Esq.

Industry Arbitrator

Catherine Ladnier, Esq.

Industry Arbitrator

2000 WL 1919923 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works