# Exhibit 17

2000 WL 876519 (N.A.S.D.)                                                                 Page 1
(Cite as: 2000 WL 876519 (N.A.S.D.))

National Association of Securities Dealers

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
MARCELLO CAMPILLAY, (CLAIMANT) v.
CANTOR FITZGERALD & CO., INC., (RESPONDENT)
Docket Number 98-02348
Date of Service (For NASD office use only): May 26, 2000

Award

Hearing Site: New York, New York

REPRESENTATION OF PARTIES: Claimant, Marcello Campillay ("Campillay"), hereinafter referred to as "Claimant": Heath Linsky, Esq., Amabile & Erman, P.C., Staten Island, NY. Previously represented by: Eric J. Wallach, Esq., Kasowitz, Benson, Torres & Friedman LLP, New York, NY.

Respondent, Cantor Fitzgerald & Co., Inc. ("Cantor"), hereinafter referred to as "Respondent": Michael A. Lampert, Esq., Saul, Ewing, Remick & Saul LLP, Princeton, NJ. Previously represented by: Chaim A. Levin, Esq., Parker Chapin Flattau & Klimpl, LLP, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: June 26, 1998.

Claimant signed the Uniform Submission Agreement: June 3, 1998.

Statement of Answer and Counterclaim filed by Respondent on or about: October 15, 1998.

Respondent signed the Uniform Submission Agreement: October 16, 1998.

CASE SUMMARY: Claimant asserted the following causes of action: breach of contract; breach of duty of good faith and fair dealing; violation of the New York Labor Law; and unjust enrichment.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted the following defenses: Claimant's excessive Travel & Expense costs ("T&Es") were deducted from his bonus in accordance with Respondent's corporate policy; Claimant's superiors presented him with an amendment to his Employment Agreement in the hope that it would satisfy his concerns and more clearly set forth his responsibilities with respect to T&Es; and, Respondent is not obligated to pay for T&Es submitted for entertaining and gaining the loyalty of clients Claimant intended to transfer to a competitor firm.

In its Counterclaim, Respondent alleged: breach of employment agreement; misappropriation of trade secrets; and that Claimant caused Respondent to incur American Express charges.

RELIEF REQUESTED: Claimant requested compensatory damages in the amount of $817,431.00; interest; costs; attorneys' fees; and punitive damages in an amount to be determined.

Respondent requested that the Panel dismiss Claimant's claims in their entirety; damages in the amount of $59,615.00 as a return of excess bonus paid to Claimant; liquidated damages in the amount of $205,659.00, actual damages believed to be no less than $479,255.88; unspecified damages for misappropriation of trade secrets; damages in the amount of $13,728.00 representing the amount respondent was charged

2000 WL 876519 (N.A.S.D.)                                                                                          Page 2
(Cite as: 2000 WL 876519 (N.A.S.D.))

by American Express; costs, disbursements, and attorneys' fees; and such other
relief as the Panel shall deem to be just and proper.

OTHER ISSUES CONSIDERED AND DECIDED: The parties have agreed that the Award in
this matter may be executed in counterpart copies or that a handwritten, signed
Award may be entered.

*2 AWARD: After considering the pleadings, the testimony and evidence presented
at the hearing, the Panel has decided in full and final resolution of the issues
submitted for determination as follows:

  1. Respondent be and hereby is liable and shall pay to Claimant the sum of
$130,794.00 as compensatory damages.

  2. Respondent be and hereby is liable and shall pay to Claimant the sum of
$36,969.00 as attorneys' fees. The panel awarded attorneys' fees based on Section
198 of New York Labor Law, as provided in Claimant's Statement of Claim.

  3. Respondent's counterclaim is hereby denied in its entirety.

  4. All other requests for relief are hereby denied.

  FEES: Pursuant to the Code, the following fees are assessed:

  Filing Fees: NASD Regulation, Inc. will retain or collect the non-refundable
filing fees for each claim:

Initial claim filing fee =    $ 500.00
Counterclaim filing fee =     $ 500.00

  The Panel has assessed the Initial claim filing fee against the Respondent.

  Member Fees: Member fees are assessed to each member firm that is a party in
these proceedings or to the member firm that employed the associated person at the
time of the events giving rise to the dispute. In this matter, Cantor Fitzgerald &
Co., Inc. is a party.

Member surcharge =            $2,000.00
Pre-hearing process fee =     $ 600.00
Hearing process fee =         $3,500.00

  Adjournment Fees: Adjournments requested during these proceedings:

  Sept. 28, 29, & 30, 1999 & Oct. 1, 1999, adjournment by Respondent = $1,000.00

  Forum Fees and Assessments: The Panel assesses forum fees for each hearing
session conducted. A hearing session is any meeting between the parties and the
arbitrators, including a pre-hearing conference with the arbitrators, that lasts
four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with Panel x                                        = $1,000.00
  $1,000.00

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 876519 (N.A.S.D.)                                                                Page 3
(Cite as: 2000 WL 876519 (N.A.S.D.))

```
Pre-hearing conference:            July 14,        1 session
                                   1999

Four (4) Hearing sessions x $1,000.00                                    = $4,000.00
Hearing Dates:                     April 13,       2 sessions
                                   2000
                                   April 14,       2 sessions
                                   2000
------------------------------------------------------------------------------------
Total Forum Fees                                                         = $5,000.00
```

*3 The Panel has assessed all of the forum fees against Respondent.

Fee Summary: 1. Claimant be and hereby is solely liable for:

```
Total Fees =             $     0.00
Less payments =          $ 1,500.00
---------------------------------
Refund Due Claimant =    $ 1,500.00
```

2. Respondent be and hereby is solely liable for:

```
Initial Filing Fee =              $   500.00
Counterclaim Filing Fee =         $   500.00
Member Fees =                     $ 6,100.00
Adjournment Fee =                 $ 1,000.00
Forum Fees =                      $ 5,000.00
--------------------------------------------
Total Fees =                      $13,100.00
Less payments =                   $ 7,100.00
--------------------------------------------
Balance Due NASD Regulation, Inc. = $ 6,000.00
```

All balances are due and payable to NASD Regulation, Inc.

Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Robert Bennett

Public Arbitrator, Presiding Chair

Michael W. Brody, Esq.

Industry Arbitrator

2000 WL 876519 (N.A.S.D.)

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 876519 (N.A.S.D.)                                                                Page 4
(Cite as: 2000 WL 876519 (N.A.S.D.))

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works