# Exhibit 18

2000 WL 572512 (N.A.S.D.) Page 1
(Cite as: 2000 WL 572512 (N.A.S.D.))

National Association of Securities Dealers

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
AHMED DIA HUSSEIN, (CLAIMANT) v.
DEAN WITTER REYNOLDS, INC., (RESPONDENT)
Docket Number 96-05764
Date of Service (For NASD office use only): March 16, 2000

Award

Hearing Site: New York, NY

REPRESENTATION OF PARTIES: Claimant, Ahmed Dia Hussein, hereinafter "Claimant": John J. Phelan, Esq., New York, NY.

Respondent, Dean Witter Reynolds, Inc., hereinafter referred to as "Respondent": Bradford D. Kaufman, Esq., Greenberg Traurig, P.A., West Palm Beach, FL.

CASE INFORMATION: Statement of Claim filed on or about: December 18, 1996.

Claimant signed the Uniform Submission Agreement: March 24, 1997.

Reply filed on or about: June 23, 1997.

Statement of Answer and Counterclaim filed by Respondent on or about: May 29, 1997.

Respondent did not sign the Uniform Submission Agreement.

CASE SUMMARY: Claimant asserted the following causes of action: breach of contract; wrongful termination; age discrimination in employment; termination of employment in violation of the Americans with Disabilities Act; and defamation.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted the following defenses: Claimant failed to state a claim upon which relief can be granted; doctrine of unclean hands; information contained in Claimant's form U-5 is true; information contained in Claimant's Form U-5 is privileged; statements contained in Claimant's Form U-5 were made in good faith without malice; wrongful termination is not recognized by New York law; Claimant is the sole cause of any damages he suffered; Claimant's breach of contract claims are barred by the doctrine of merger and the parole evidence rule; failure to mitigate damages; Claimant was terminated for legitimate business reasons that were not related to age, disability, or discrimination; Claimant failed to exhaust all administrative remedies prior to instituting this arbitration, as required by the ADA and ADEA; Claimant failed to take proper advantage of Respondent's internal grievance procedures; and, any unlawful discrimination alleged to have been perpetrated by Dean Witter Reynolds' employees would have been contrary to Respondent's express written policy, and therefore, would be beyond the scope of such employees' actual or apparent authority.

<u>In its Counterclaim, Respondent alleged breach of an employment agreement; and breach of an incentive compensation agreement.</u>

RELIEF REQUESTED: Claimant requested an award granting him damages in the amount of $1,020,000.00, or such amount as is established during the proceedings, for his lost compensation, amounts due him under Respondent's 401(k) and other benefit plans; the forgiveness of any balance claimed due on the note; $1,000,000.00 for

2000 WL 572512 (N.A.S.D.)                                                            Page 2
(Cite as: 2000 WL 572512 (N.A.S.D.))

the defamation claim; a direction to Respondent to file a true and accurate form U-5 or, in the event that one has not been filed, to amend Claimant's U-5 regarding the reason for his termination; punitive damages in the amount of $1,000,000.00; and attorneys' fees and the costs of this proceeding.

*2 Respondent requested a judgment dismissing the Statement of Claim in its entirety; the amount of principle and interest due and owing under the promissory note; accrued interest at the contract rate from the date of Claimant's termination through the date of the award; liquidated damages; the costs of this proceeding, including attorneys' fees; and, any other and further relief as the Panel may deem just and proper.

OTHER ISSUES CONSIDERED AND DECIDED: During the hearings conducted in this matter, Claimant made a Motion to Preclude Respondent's Motion to Dismiss which was denied by the Panel.

During the hearings conducted in this matter, Respondent made a Motion to Dismiss which was granted by the Panel.

The Panel denied Claimant's Motion to Recuse.

Respondent did not file with the NASD Regulation, Inc. Office of Dispute Resolution a properly executed submission to arbitration but is required to submit to arbitration pursuant to the Code and, having answered the claim, appeared and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are hereby dismissed in their entirety.

2. Respondent's Counterclaim is hereby dismissed in its entirety.

3. Respondent must re-draft Claimant's Form U-5, Section 12 to read "Mr. Hussein's initial response to an internal questionnaire was not satisfactory to Dean Witter Reynolds and Dean Witter Reynolds failed to request clarification from Mr. Hussein."

4. All other requests for relief are hereby denied.

FEES: Pursuant to the Code, the following fees are assessed:

Filing Fees: NASD Regulation, Inc. will retain or collect the non-refundable filing fees for each claim:

Initial claim filing fee = $ 500.00
Counter claim filing fee = $ 500.00


Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the

2000 WL 572512 (N.A.S.D.)                                                                            Page 3
(Cite as: 2000 WL 572512 (N.A.S.D.))

time of the events giving rise to the dispute. In this matter, Dean Witter Reynolds is a party.

   Member surcharge = $ 500.00

   Adjournment Fees: Adjournments requested during these proceedings:

April 9, 1999 =                                                                                 $1,000.00
     The Panel assessed this entire adjournment fee against
  Respondent.

August 10, 11, 17 and 18, 1999 =                                                                  waived


   *3 Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:


Three (3) Pre-hearing sessions with                                                          = $ 900.00
  a single arbitrator x $300.00
Pre-hearing conferences:        March 23, 1999    1 session
                                April 9, 1999     1 session
                                August 23, 1999   1 session

Four (4) Pre-hearing sessions with                                                           = $4,000.00
  Panel x $1,000.00
Pre-hearing conferences:        August 11, 1998   1 session
                                April 9, 1999     1 session
                                November 5, 1999  1 session
                                February 10, 2000 1 session

Five (5) Hearing sessions x                                                                  = $5,000.00
  $1,000.00
Hearing Dates:                  September 8, 1999  2 sessions
                                September 9, 1999  2 sessions
                                November 16, 1999  1 session
--------------------------------------------------------------------------------
Total Forum Fees                                                                             = $9,900.00


   1. The Panel has assessed $4,950.00 of the forum fees against Claimant.

   2. The Panel has assessed $4,950.00 of the forum fees against Respondent.

   Fee Summary: 1. Claimant be and hereby is solely liable for:


Initial Filing Fee =             $  500.00
Forum Fees =                     $4,950.00
-----------------------------------------
Total Fees =                     $5,450.00
Less payments =                  $1,500.00
-----------------------------------------
Balance Due NASD Regulation, Inc. = $3,950.00

2000 WL 572512 (N.A.S.D.)  Page 4
(Cite as: 2000 WL 572512 (N.A.S.D.))

*4 2. Respondent be and hereby is solely liable for:

```
Counterclaim Filing Fee =           $   500.00
Member Fees =                       $   500.00
Adjournment Fee =                   $ 1,000.00
Forum Fees =                        $ 4,950.00
-------------------------------------------------
Total Fees =                        $ 6,950.00
Less payments =                     $ 3,500.00
-------------------------------------------------
Balance Due NASD Regulation, Inc. = $ 3,450.00
```

All balances are due and payable to NASD Regulation, Inc.

Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Michael Forster Pisapia, Esq.

Public Arbitrator, Presiding Chair

Howard D. Jacobs

Public Arbitrator

2000 WL 572512 (N.A.S.D.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works