# Exhibit 19

2000 WL 726103 (N.A.S.D.)                                               Page 1
(Cite as: 2000 WL 726103 (N.A.S.D.))

National Association of Securities Dealers

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
WILLIAM B. GREENMAN, (CLAIMANT) v.
M.S. FARRELL & COMPANY, INC., MARTIN F. SCHACKER, AND THOMAS A. GALLO,
(RESPONDENTS)
Docket Number 98-04709
Award Served: January 10, 2000

Award

Hearing Site: New York, NY

REPRESENTATION OF PARTIES: Claimant, William B. Greenman, (hereinafter referred to as "Claimant"): Marc S. Gottlieb, Esq., Beckman, Millman & Sanders, LLP, New York, NY.

Respondents, M.S. Farrell & Company, Inc. ("Farrell"), Martin F. Schacker ("Schacker"), and Thomas A. Gallo ("Gallo"), (hereinafter referred to as "Respondents"): Isaac M. Zucker, Esq., Law Offices of Isaac M. Zucker, New York, NY.

CASE INFORMATION: Statement of Claim filed on or about: December 7, 1998

Claimant signed the Uniform Submission Agreement: December 8, 1998

Amendment to the Statement of Claim filed on or about: December 28, 1998

Amendment #2 to the Statement of Claim filed on or about: January 8, 1999

Second Amended Statement of Claim filed on or about: February 26, 1999

Statement of Answer filed by Respondents on or about: March 10, 1999

Respondents did not sign Uniform Submission Agreements.

CASE SUMMARY: Claimant asserted the following causes of action: breach of employment agreement and willful failure to pay wages.

Unless specifically admitted in its Answer, Respondents denied the allegations made in the Statement of Claim and asserted the following defenses: Claimant's own breach of the employment agreement is a basis for Respondent, Farrell, to offset any monies allegedly owed to Claimant.

RELIEF REQUESTED: Claimant requested:

1. On the first cause of action, an award of $10,106.15 plus interest from the date of the breach.

2. On the second cause of action, an award of $12,375.00 plus interest from the date of the breach.

3. On the third cause of action, an award of $28,101.44.

4. On the fourth cause of action, an award of $71,280.00 plus interest from the date of the breach.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 726103 (N.A.S.D.)                                                                    Page 2
(Cite as: 2000 WL 726103 (N.A.S.D.))

  5. Reasonable attorneys' fees on all causes of action.

  6. An award ordering Respondent, Farrell, to pay all forum and filing fees
associated with this matter.

  7. Such other and further relief as the Panel may deem just and proper.

  Respondents requested entry of an award dismissing Claimant's claims in their
entirety.

  OTHER ISSUES CONSIDERED AND DECIDED: The parties have agreed that the Award in
this matter may be executed in counterpart copies or that a handwritten, signed
Award may be entered

  Claimant made a Motion to Preclude certain witnesses and testimony pursuant to
Rule 10321(c) that was denied by the Panel.

  The Panel made the following determinations concerning Respondent Farrell, who
did not file a Submission Agreement:

  Pursuant to Rule 10101 of the Code of Arbitration Procedure (the "Code"), the
Panel found subject matter jurisdiction over the entire controversy.

  *2 Respondents Schacker and Gallo were named parties to this proceeding and their
counsel argued that since they were not parties to the contract between Claimant
and Farrell, they should be dismissed from this matter. The Panel never addressed
this, but assessed no damages against either of these individuals.

  AWARD: After considering the pleadings, the testimony and evidence presented at
the hearing, the Panel has decided in full and final resolution of the issues
submitted for determination as follows:

  1. Respondent Farrell be and hereby is liable for and shall pay to Claimant the
total sum of $112,394.52 and is derived as follows:

  a. On the first cause of action, Respondent be and hereby is liable for and shall
pay to Claimant, the sum of $10,106.15 plus 9% simple interest commencing from
November 15, 1998 until the date of payment.

  b. On the second cause of action, the claim is denied in its entirety.

  c. On the third cause of action, Respondent be and hereby is liable for and shall
pay to Claimant, statutory liquidated damages in the amount of $1,589.74 plus
reasonable attorney's fees of $28,098.63. There shall be no interest awarded on the
third cause of action.

  d. On the fourth cause of action, Respondent be a hereby is liable for and shall
pay to Claimant, the sum of $72,600.00 plus 9% simple interest commencing from
November 15, 1998 until the date of payment.

  2. Respondent Farrell be and hereby is liable for and shall pay to Claimant the
sum of $500.00 to reimburse Claimant for the non-refundable filing fee previously
paid to NASD Regulation, Inc.

  3. <u>All other requests for relief are hereby denied.</u>

  FEES: Pursuant to the Code, the following fees are assessed:

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 726103 (N.A.S.D.)
(Cite as: 2000 WL 726103 (N.A.S.D.))

Page 3

Filing Fees: NASD Regulation, Inc. will retain or collect the non-refundable filing fees for each claim:

Initial claim filing fee = $ 500.00

Member Fees: Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. In this matter, M.S. Farrell & Company, Inc. is a party.

```
Member surcharge =        $1,500.00
Pre-hearing process fee = $  600.00
Hearing process fee =     $2,500.00
```

Forum Fees and Assessments: The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

```
One (1) Pre-hearing session with Panel                       = $   750.00
  x $750.00
Pre-hearing conferences:        October 4,    1 session
                                  1999

Four (3) Hearing sessions x $750.00                          = $2,255.00
Hearing Dates:                  December 7,   2 sessions
                                  1999
                                December 8,   1 session
                                  1999
---------------------------------------------------------------------------
Total Forum Fees                                             = $3,000.00
```

*3 The Panel has assessed all of the forum fees against Respondent Farrell.

Fee Summary: 1. Claimant be and hereby is solely liable for:

```
Initial Filing Fee =    $  500.00
-------------------------------------
Total Fees =            $  500.00
Less payments =         $1,100.00
-------------------------------------
Refund Due to Claimant = $  600.00
```

2. Respondent Farrell be and hereby is solely liable for:

```
Member Fees =           $4,600.00
Forum Fees =            $3,000.00
----------------------------------------
Total Fees =            $7,600.00
```

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 726103 (N.A.S.D.)
(Cite as: 2000 WL 726103 (N.A.S.D.))

```
Less payments =                    $3,100.00
-------------------------------------------------
Balance Due NASD Regulation, Inc. =  $4,500.00
```

All balances are due and payable to NASD Regulation, Inc.

Concurring Arbitrators' Signatures: I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

Robert B. Weintraub, Esq.

Industry Arbitrator, Presiding Chair

Joseph A. Vallo, Esq.

Industry Arbitrator

Saul W. Nirenberg

Industry Arbitrator

2000 WL 726103 (N.A.S.D.)

END OF DOCUMENT