# Exhibit 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 11
------------------------------------------X
SALOMON SMITH BARNEY INC.,

                Petitioner,

                                      Index No.123181/94

     -against-

KEVIN KOCH,

                Respondent.
------------------------------------------X
Joan A. Madden, J.

       Petitioner moves for a preliminary injunction, enjoining respondent from (i) utilizing or disclosing petitioner's confidential or proprietary information, (ii) using or providing to any third-party documents taken from petitioner, (iii) soliciting, directly or indirectly, any of petitioner's customers, which he learned of while in petitioner's employ, (iv) servicing or accepting any business acquired through the use of petitioner's confidential or proprietary information. Respondent cross moves to stay this proceeding pending the arbitration of the underlying dispute before the National Association of Securities Dealers, Inc. ("NASD").

       Respondent began working for petitioner as a financial consultant in September 1997. At the time, although recently licensed as a broker, respondent was hired by petitioner as a trainee. Before he began working for petitioner, respondent executed a Financial Consultant Associate Employment Agreement and Restrictive Covenants ("Employment Agreement"). Under this

1

agreement, respondent specifically agreed not to solicit petitioner's customers, not to transfer accounts to a competitor, and not to remove, use or disclose confidential customer information.

On November 10, 2000, petitioner resigned from his employment at petitioner and joined Prudential Securities Corporation ("Prudential"), a competitor of petitioner. At the time of his resignation, respondent was earning approximately $70,000 annually and, according to respondent's supervisor, "was managing $16 million of petitioner's assets, which generated commissions to [petitioner] of approximately $225,000 in the twelve months proceeding the termination of [respondent's] employment." (Blackburn Affidavit, ¶ 4).

At the heart of this application is petitioner's contention that the business generated by respondent, "consisting of customer accounts and their assets under management, belongs to [petitioner]" (Id., ¶ 4). Therefore, according to petitioner, respondent's efforts to transfer this business to Prudential constitutes a breach of the non-solicitation provisions of the Employment Agreement.

Respondent does not deny, and the record shows, that respondent sent out announcements of his departure, and account transfer forms to customers he serviced while in petitioner's employment. However, respondent argues that the customer

2

NOV-22-2000 17:53    SUPREME CT.60 CTR.ST. OFF    212 374.3326    P.05/07

information is not confidential information and that, as a result, petitioner will not suffer irreparable harm in the absence of injunctive relief. As indicated below, this argument has some merit.

As a preliminary matter, the cross motion to stay this proceeding is denied, as CPLR 7502(c) authorizes a party to seek injunctive relief in aid of arbitration. "[T]he general criteria governing the issuance of injunctive relief" applies to an application under 7502(c). See, Cullman Ventures, Inc. v Conk, 252 AD2d 222, 230 (1st Dept 1998).

A preliminary injunction is "drastic relief," and thus "is appropriate only where a party has established (1) a likelihood of success on the merits of the pending action, (2) irreparable injury absent such relief, and (3) a balancing of equities in favor of the relief sought" The New York Automobile Ins. Plan v. New York Schools Ins. Reciprocal, 241 AD2d 313, 314 (1st Dept 1997)(citations omitted).

Here, although petitioner may be able to show at the arbitration hearing that respondent breached the non-solicitation clause in the Employment Agreement, the only irreparable harm resulting from such breach would result from the disclosure or use of confidential or proprietary information belonging to petitioner. Specifically, the court rejects petitioner's argument that customer business generated through respondent's

3

own efforts while working for petitioner constitutes confidential or proprietary information. see, Leo Silfen, Inc. v Cream, 29 NY2d 387, 392 [1972]["where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach"]).

On the other hand, house accounts transferred from petitioner to respondent while respondent was employed by petitioner, including those which were the subject of so-called Account Referral/Assigned Lead Agreements identified in the supplemental affirmation of Kenneth Blackburn, are confidential and proprietary information belonging to petitioner. See, McLaughlin , Piven, Vogel, Inc. v W.J. Nolan & Company, Inc., 114 AD2d 165 (2d Dept 1986), appeal denied, 67 NY2d 606 (1986)(holding that customer lists compiled at considerable expense to the employer are trade secrets). Thus, petitioner is entitled to injunctive relief protecting such information from disclosure pending the outcome of the arbitration proceeding before the NASD.

Conclusion

In view of the above, it is

ORDERED that the motion for a preliminary injunction is granted only to the extent that respondent is enjoined from soliciting customers whose house accounts were transferred to him

by petitioner while respondent was employed by petitioner, or otherwise using information regarding such house accounts or disclosing it to third parties, including Prudential, and it is further

ORDERED that the motion for a preliminary injunction is otherwise denied; and it is further

ORDERED that the temporary restraining order issued by this court November 14, 2000 is vacated; and it is further

ORDERED that the cross motion is denied; and it is further

ORDERED that the parties are directed to proceed with the arbitration of this matter before the NASD on an expedited basis.

This constitutes the judgment of the court.

DATED: November 22, 2000

_____
J.S.C.

5